ELENA MORAR
A242204656
323 11TH AVE APT A
SAN FRANCISCO CA USA 94118
EMAIL: amor1912@mail.ru
PHONE: 6288779003

FILED

DEC 31 2025

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### Location: San Francisco

| | |
|---|---|
| Elena Morar a.k.a. "ELLENA MIRRA" **Natural Person Appearing Pro Se** Plaintiff, | Case No. |
| Vs. | **MEMORANDUM OF POINTS AND AUTHORITIES** |
| **Thomas (Tom) Schuurmans,** In his Official Capacity, Director of the Nebraska Service Center, U.S. Citizenship and Immigration Services; **Joseph B. Edlow,** In his Official Capacity, Director, U.S. Citizenship and Immigration Service; **United States Citizenship and Immigration Services;** **United States Department of Homeland Security;** Defendant. | |

AGT

CV25-11104

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

This Memorandum of Points and Authorities is submitted in support of Plaintiff Elena Morar's Complaint for Judicial Review of Agency Action under the Administrative Procedure Act (APA), 5 U.S.C. § 701 et seq., challenging the unlawful denial of her EB-1A immigrant visa petition by U.S. Citizenship and Immigration Services (USCIS) and the Administrative Appeals Office (AAO).

### II. LEGAL STANDARD

Under the APA, a reviewing court shall hold unlawful and set aside agency action, findings, and conclusions that are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. See 5 U.S.C. § 706(2)(A). Courts have authority to strike down agency decisions that fail to consider relevant factors, rely on impermissible considerations, or offer explanations that contradict the evidence before the agency. See Motor Vehicle Mfrs. Ass'n v. State Farm, 463 U.S. 29, 43 (1983).

### III. ANALYSIS

#### A. Plaintiff Satisfied the Regulatory Criteria under 8 C.F.R. § 204.5(h)(3)

USCIS initially acknowledged that Ms. Morar met at least three of the regulatory criteria: (1) receipt of lesser nationally or internationally recognized awards; (2) judging the work of others; and (3) display of work at artistic exhibitions or showcases. The agency's later withdrawal of this favorable finding was unsupported by reasoned analysis and failed to

*page 1 of 2*

engage with objective evidence establishing the national scope and competitive rigor of Plaintiff's accolades.

**B. The AAO's Failure to Conduct the Final Merits Determination Violated Kazarian**

Binding precedent under Kazarian v. USCIS, 596 F.3d 1115 (9th Cir. 2010), requires USCIS to conduct a two-step analysis: first, a count of criteria met, and second, a final merits determination. The AAO declined to undertake the second prong, stating it was unnecessary. This violates both Kazarian and 8 C.F.R. § 204.5(h)(2), which require USCIS to determine whether the petitioner has reached the top of her field and achieved sustained acclaim.

**C. Mischaracterization of Plaintiff's Field Prejudiced the Review**

Throughout the adjudication process, USCIS and AAO repeatedly mischaracterized Plaintiff's field as 'pole dancing' rather than recognizing her actual field of endeavor—pole fitness and aerial sport. This stigmatizing mislabeling led to the rejection of otherwise probative evidence, including competition placements, expert letters, and judging invitations. Courts have repeatedly held that failure to properly identify the petitioner's field constitutes reversible error under the APA.

**D. Heightened Evidentiary Standard Was Improperly Applied**

USCIS and AAO applied a de facto heightened standard of proof—akin to 'clear and convincing evidence'—contrary to the controlling 'preponderance of the evidence' standard. See Matter of Chawathe, 25 I&N Dec. 369, 375 (AAO 2010). Ms. Morar provided ample evidence of sustained acclaim, leadership, and national recognition, which more than satisfies the proper evidentiary burden.

**E. Selective Enforcement and Discrimination Against Niche Fields**

USCIS's claim that pole and aerial sports are 'not recognized as national sports' introduced a novel and discriminatory requirement. There is no basis in law or regulation to require that a field itself be nationally institutionalized. EB-1A regulations expressly allow petitions from any field of endeavor. See 8 C.F.R. § 204.5(h).

**IV. CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court find that the agency's decision was arbitrary, capricious, an abuse of discretion, and not in accordance with law. Plaintiff further requests that the Court vacate the denial, order USCIS to approve the petition, and grant such further relief as this Court deems just and proper.

Dated: December 30, 2025

Respectfully submitted,

Signed: _____

Elena Morar

Pro Se

323 11th Ave Apt A

San Francisco, CA 94118

amor1912@mail.ru

628-877-9003

**MEMORANDUM OF POINTS AND AUTHORITIES**                    **Page 2 of 2**